UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL RIVERA,<br><br>       Petitioner,<br> v.<br><br>JEFFREY A. UTTECHT,<br><br>       Respondent. | No. 3:15-CV-5673-BHS-DWC<br><br>**REPORT AND RECOMMENDATION**<br><br>**Noting Date: October 16, 2015** |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On September 18, 2015, Petitioner Rafael Rivera filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2006 Thurston County convictions. Dkt. 1-1. After review of the Court's records, the Court concludes this Petition is second or successive and recommends it be transferred to the Ninth Circuit Court of Appeals. The Court further recommends the pending Motion to Proceed *In Forma Pauperis* be denied as moot.

**BACKGROUND**

In 2006, Petitioner was convicted in the Thurston County Superior Court of five counts of first degree child molestation. Dkt. 1-1. In 2011, Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2006 state convictions. *See Rivera v. Uttecht*, 3:11-cv-5693-RJB-JRC. In the First Petition, Petitioner raised grounds of ineffective assistance of counsel, Fourth, Sixth, and Fourteenth Amendment violations, and due process violations. *Id*.

REPORT AND RECOMMENDATION - 1

The court found Petitioner's First Petition was procedurally barred and lacked merit, and the First Petition was denied.

Petitioner now files this Petition alleging his Sixth Amendment right to a public trial was violated. Dkt. 1-1 ("Second Petition").

**DISCUSSION**

"The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. Appx. 29, 30 (9th Cir. 2003) (*citing Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (*citing Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "[A] denial [of the first petition] on the grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive'[.]"*Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations omitted); *McNabb*, 576 F.3d at 1029. The Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same 2006 Thurston County convictions challenged in the Second Petition. The court denied the First Petition "on the merits," as the grounds for relief were either: (1) procedurally defaulted or (2) denied after review on the merits. *See Rivera v. Uttecht*, 3:11-cv-5693-RJB-JRC. Further, in the Second Petition, Petitioner alleges his right to a public trial under the Sixth Amendment was violated during the 2006 trial because the court questioned jurors in chambers, closing jury selection to the public. Dkt. 1-1, p. 5.

REPORT AND RECOMMENDATION - 2

Petitioner would have been aware of the factual predicate of this claim when his conviction became final and could have raised this claim in his First Petition. The claim, therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition).

As Petitioner's First Petition was denied "on the merits" and Petitioner was aware of the claim asserted in the Second Petition prior to filing the First Petition, the Second Petition is "second or successive."

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. Ninth Circuit Rule 22-3(a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. . . . If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Petitioner has not received authorization from the Court of Appeals allowing this Court to consider his Second Petition. Therefore, the Court must refer the Second Petition to the Court of Appeals.

## CONCLUSION

For the above stated reasons, the Court recommends the Second Petition (Dkt. 1-1) be transferred to the Ninth Circuit and the file be administratively closed without deciding whether the Second Petition should be dismissed. Further, the Court recommends Petitioner's Motion to Proceed *In Forma Pauperis* be denied as moot as the case is not proceeding in this Court and

REPORT AND RECOMMENDATION - 3

"[n]o filing fee is required" when seeking authorization from the Ninth Circuit to file a second or successive petition. *See* Ninth Circuit Rule 22-3(a).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 16, 2015, as noted in the caption.

DATED this 23rd day of September, 2015.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4