UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL RIVERA,<br><br>                    Petitioner,<br>    v.<br><br>JEFFREY A. UTTECHT,<br><br>                    Respondent. | No. 3:15-CV-5673-BHS-DWC<br><br>**REPORT AND RECOMMENDATION**<br><br>**Noting Date: November 20, 2015** |

      The District Court has referred this action to United States Magistrate Judge David W. Christel. On September 18, 2015, Petitioner Rafael Rivera filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2006 Thurston County convictions. Dkt. 1-1. After review of the Court's records, the Court concludes this Petition is second or successive. The Court recommends the Petition be dismissed without prejudice. The Court further recommends the pending Motion to Proceed *In Forma Pauperis* be denied as moot.

## BACKGROUND

      In 2006, Petitioner was convicted in the Thurston County Superior Court of five counts of first degree child molestation. Dkt. 1-1. In 2011, Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2006 state convictions. *See Rivera v. Uttecht*, 3:11-cv-5693-RJB-JRC. In the First Petition, Petitioner raised grounds of ineffective assistance of counsel, Fourth, Sixth, and Fourteenth Amendment violations, and due process violations. *Id*.

REPORT AND RECOMMENDATION - 1

1  The court found Petitioner's First Petition was procedurally barred and lacked merit, and the

2  First Petition was denied.

3  Petitioner now files this Petition ("Second Petition") alleging his Sixth Amendment right

4  to a public trial was violated. Dkt. 1-1, p. 5.

## DISCUSSION

7  "The bar of successive petitions applies only to petitions adjudicated and denied on the

8  merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. Appx. 29,

9  30 (9th Cir. 2003) (*citing Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A

10 disposition is 'on the merits' if the district court either considers and rejects the claims or

11 determines that the underlying claim will not be considered by a federal court." *McNabb v.*

12 *Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (*citing Howard v. Lewis*, 905 F.3d 1318, 1322 (9th

13 Cir. 1990). "[A] denial [of the first petition] on the grounds of procedural default constitutes a

14 disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second

15 or successive'[.]"*Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations

16 omitted); *McNabb*, 576 F.3d at 1029. The Ninth Circuit also states "[a] habeas petition is second

17 or successive only if it raises claims that were or could have been adjudicated on the merits."

18 *McNabb*, 576 F.3d at 1029.

20 Petitioner filed his First Petition challenging the same 2006 Thurston County convictions

21 challenged in the Second Petition. The court denied the First Petition "on the merits," as the

22 grounds for relief were either: (1) procedurally defaulted or (2) denied after review on the merits.

23 *See Rivera v. Uttecht*, 3:11-cv-5693-RJB-JRC. Further, in the Second Petition, Petitioner alleges

24 his right to a public trial under the Sixth Amendment was violated during the 2006 trial because

25 the court questioned jurors in chambers, closing jury selection to the public. Dkt. 1-1, p. 5.

REPORT AND RECOMMENDATION - 2

Petitioner was or could have been aware of the factual predicate of this claim when his conviction became final and could have raised this claim in his First Petition. The claim, therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition).

As Petitioner's First Petition was denied "on the merits" and Petitioner was or could have been aware of the claim asserted in the Second Petition prior to filing the First Petition, the Second Petition is "second or successive."

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). There is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

REPORT AND RECOMMENDATION - 3

may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

**CONCLUSION**

For the above stated reasons, the Court recommends the Second Petition (Dkt. 1-1) be dismissed without prejudice and the certificate of appealability be denied. The Court also recommends Petitioner's Motion to Proceed *In Forma Pauperis* be denied as moot if the case is dismissed for lack of jurisdiction.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. To obtain the necessary order, Petitioner must file an application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals. The application must comply with Ninth Circuit Rule 22-3. To assist Petitioner and in the interest of justice, the Court recommends the Clerk be directed to send Plaintiff the Ninth Circuit Court of Appeals Form 12 – Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255 and a copy of Ninth Circuit Rule 22-3.

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 20, 2015, as noted in the caption.

DATED this 29th day of October, 2015.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5